# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CA-00121-COA

ANGELA P. SLOKE                                                APPELLANT

v.

MALCON B. PIERCE, III                                          APPELLEE

DATE OF JUDGMENT:            01/02/2025
TRIAL JUDGE:                 HON. WAYNE SMITH
COURT FROM WHICH APPEALED:   WALTHALL COUNTY CHANCERY
                             COURT
ATTORNEY FOR APPELLANT:      WAYNE DOWDY
ATTORNEY FOR APPELLEE:       MALCON B. PIERCE III (PRO SE)
NATURE OF THE CASE:          CIVIL - REAL PROPERTY
DISPOSITION:                 REVERSED AND REMANDED - 03/03/2026
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McDONALD AND McCARTY, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.    Malcon B. Pierce III and Angela P. Sloke inherited property in Walthall County and Pike County as tenants in common. The Walthall County property consists of approximately 137 acres of timberland. The Pike County property consists of a house and six acres. Pierce filed a complaint for partition in the Walthall County Chancery Court. Sloke answered and did not dispute that the property should be partitioned. The chancellor appointed a master to suggest a partition in kind pursuant to Mississippi Code Annotated section 11-21-15 (Rev. 2019). The master filed a report proposing that Sloke receive the Pike County property (valued at $170,000) and a 40-acre tract in Walthall County (valued at $116,000) and that Pierce receive two tracts in Walthall County totaling 97 acres (valued at $292,000). The

master proposed that Pierce pay Sloke $3,000 to account for the difference in property values. Following a short trial, the chancellor entered a final judgment that purported to "adopt" the master's report in full and attached the report as Exhibit A to the judgment. The judgment also set out legal descriptions for each tract the respective parties were to receive.[1] Sloke filed a notice of appeal.

¶2.     On appeal, Sloke argues, "The Chancellor, apparently by error or oversight, varied considerably from the [master's] recommended partition and the Judgment should be reversed." Pierce filed a pro se brief agreeing that the case should be remanded to the chancery court because the chancellor unintentionally inserted property descriptions in the final judgment that do not match the master's report. Indeed, the property descriptions in the final judgment indicate that Pierce was to receive approximately 126.48 acres in Walthall County, and Sloke was to receive only 18.67 acres in Walthall County, which varies substantially from the master's recommendation.

¶3.     Since the parties agree that the final judgment erroneously varies considerably from the master's report, we reverse the judgment and remand the case for the chancellor to enter a new judgment that correctly adopts and incorporates the master's report.

¶4.     **REVERSED AND REMANDED.**

   **BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**

---

[1] The chancellor also ordered Pierce to reimburse Sloke for taxes and certain other expenses related to the properties. Pierce has tendered cashier's checks for those expenses and the $3,000 proposed by the master's report, and neither payment is at issue on appeal.

2